<br><br><br><br><br><br>

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANA ALICIA RIVERA, | ) Case No. CV 17-07081-JDE |
| Plaintiff, | ) MEMORANDUM OPINION AND |
| v. | ) ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

Plaintiff Ana Alicia Rivera ("Plaintiff") filed a Complaint on September 26, 2017, seeking review of the Commissioner's denial of her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties filed consents to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation ("Jt. Stip.") on June 25, 2018, addressing their respective positions. The Court has taken the Joint Stipulation under submission without oral argument and as such, this matter now is ready for decision.

# I.
# BACKGROUND

On April 24, 2013, Plaintiff submitted applications for DIB and SSI. Administrative Record ("AR") 35, 197-202. After her applications were denied initially (AR 124-28) and on reconsideration (AR 133-39), Plaintiff requested an administrative hearing, which was held on December 30, 2015. AR 35, 49. Plaintiff, represented by counsel, appeared and testified at the hearing before an Administrative Law Judge ("ALJ"), as did a vocational expert, Ronald Hatakeyama. AR 51-79.

On January 25, 2016, the ALJ issued a written decision finding Plaintiff was not disabled. AR 35-43. The ALJ found that Plaintiff had not engaged in substantial gainful activity since May 3, 2012, the alleged onset date. AR 37. The ALJ determined that Plaintiff suffered from the following severe impairments: osteoarthritis; disorders of the back; joint sprains/strains; and carpal tunnel syndrome. Id. The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. AR 38. The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform medium work, except for work involving more than frequent handling, fingering, or feeling. Id. The ALJ determined that Plaintiff was able to perform her past relevant work as a certified nursing assistant, relying upon the VE's testimony and finding that the past relevant work was not precluded by Plaintiff's assessed RFC. AR 42. Accordingly, the ALJ concluded that Plaintiff was not under a "disability," as defined in the Social Security Act. AR 42.

Plaintiff's request for review of the ALJ's decision by the Appeals Council was denied, making the ALJ's decision the Commissioner's final decision. AR 1-4. This action followed.

## II.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court may review a decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."). However, a court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

Lastly, even when the ALJ commits legal error, the Court upholds the decision where that error is harmless. Molina, 674 F.3d at 1115. An error is harmless if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted).

## III.
## DISPUTED ISSUES

The parties present two disputed issues (Jt. Stip. at 3):

<u>Issue No. 1</u>: Whether the ALJ properly considered Plaintiff's RFC; and

<u>Issue No. 2</u>: Whether the ALJ properly considered Plaintiff's subjective symptom testimony.

## IV.
## DISCUSSION

### A. **The ALJ's Evaluation of Dr. Chanin's Opinion in Fashioning the RFC**

Plaintiff contends that the ALJ failed to include a series of limitations in the RFC. Jt. Stip. at 4-8, 13-15. Although Plaintiff discusses a number of opinions and findings, Plaintiff focuses on the ALJ's failure to provide <u>any</u> reason for rejecting the limitations assessed by Dr. Craig Chanin in his opinion. <u>Id.</u> at 5-7, 13-15. Further, Plaintiff contends, under Dr. Chanin's assessed limitations, Plaintiff cannot perform her past relevant medium work. <u>Id.</u> at 13. Defendant, in turn, contends that the RFC is nonetheless supported by substantial evidence because the ALJ summarized other evidence, including medical records from First Choice Healthcare Medical Group where Dr. Chanin worked, or alternatively that any error was harmless. <u>Id.</u> at 8-13.

1. <u>Applicable law</u>

In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and "the effects of symptoms, including pain, that are reasonably attributable to the medical condition." <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 883 (9th Cir. 2006) (citation omitted). In weighing medical source opinions, the Ninth Circuit distinguishes among three types of physicians: (1) treating physicians,

who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (as amended). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." Holohan v. Massanari, 246 F.3d 1195, 1201-02 (9th Cir. 2001).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." Bayliss v. Barhnart, 427 F.3d 1211, 1216 (9th Cir. 2005). If a treating or examining physician's opinion is contradicted by another physician's opinion, "an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." Id.

2. Analysis

Plaintiff was treated for her impairments by a number of workers' compensation medical professionals. In conjunction with her worker's compensation claim, Dr. Chanin[1] opined that Plaintiff was unable to work for a period of time, and had modified work instructions as follows: (1) no prolonged standing or walking; (2) no climbing, bending, or stooping; (3) weight-lifting restriction of 15 pounds or less; (4) five minute stretching breaks; and (5) must wear braces[2] at work and at home. AR 592. Dr. Chanin further

---

[1] The parties do not explain whether Dr. Chanin was a treating, examining, or reviewing physician. Dr. Chanin signed at least one record as Plaintiff's "Primary Treating Physician." AR 594. Accordingly, the Court reviews Dr. Chanin as such, although the distinction makes little difference because the standard is the same: the ALJ was required to provide specific and legitimate reasons to reject Dr. Chanin's contradicted opinion. See Bayliss, 427 F.3d at 1216.

[2] The Court assumes the braces mentioned in Dr. Chanin's opinion are wrist braces for Plaintiff's carpal tunnel, referenced elsewhere in the record. See, e.g., AR 843.

5

opined that if these restrictions could not be accommodated in the work environment, Plaintiff is temporarily totally disabled ("TTD")[3]. Id.

The ALJ noted the workers' compensation litigation generated many reports, the criteria for which differ from that used in disability determinations under the Social Security Act. AR 39. The ALJ also noted that the purpose of the reports is usually to establish causation and apportionment, issues not directly relevant to the determination of disability. Id. Accordingly, the ALJ found that such reports are "often" of limited value, and noted that the Administration is not bound by them. Id.

The ALJ also summarized some of the records from First Choice Healthcare Medical Group, where Dr. Chanin worked, which noted that Plaintiff had not responded well to treatment and had "significant subjective complaints and clinical abnormalities[.]" AR 39-40. The ALJ also mentioned an orthopedic report by Dr. Parviz Galdjie indicating diagnoses of carpal tunnel syndrome, congenital cervical spinal stenosis, and lumbosacral strain, but discounted that report because it "only focused on apportionment regarding [Plaintiff]'s injuries under workers['] compensation, and did not indicate a specific [RFC] assessment." AR 40. The ALJ did not mention Dr. Chanin, his opinion, or assess the work restrictions outlined by the doctor.

Having carefully reviewed the record, the Court is persuaded that the ALJ's evaluation of Dr. Chanin's opinion is not legally sufficient.

First, the limitations outlined by Dr. Chanin are significant, and the failures to discuss them or provide a reason for discounting them, was error.

---

[3] Under California workers' compensation law, "the term temporarily totally disabled means that an individual is totally incapacitated and unable to earn any income during the period when he is recovering from the effects of the injury." Jaquez v. Colvin, 2016 WL 3031730, at *2 (C.D. Cal. May 25, 2016) (citation and internal quotation marks omitted)); see also Rissetto v. Plumbers & Steamfitters Local 343, 94 F.3d 597, 600, 605 (9th Cir. 1996).

See Robbins, 466 F.3d at 883; Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984) (the ALJ must discuss significant and probative evidence and explain why it was rejected); Brown-Hunter, 806 F.3d at 492 (federal courts "demand that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review"); Alvarez v. Astrue, 2012 WL 282110, at *3 (C.D. Cal. Jan. 26, 2012) ("If the RFC assessment conflicts with a medical source opinion, the ALJ must explain why the opinion was not adopted.")

Second, to the extent the ALJ rejected Dr. Chanin's opinion as part of a boilerplate observation that some of Plaintiff's records were generated in the adversarial workers' compensation context (AR 39), the reason is legally insufficient. See Reddick, 157 F.3d at 726 ("[I]n the absence of other evidence to undermine the credibility of a medical report, the purpose for which the report was obtained does not provide a legitimate basis for rejecting it."); Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1196 n.5 (9th Cir. 2004) (rejecting contention that physician was biased because he was hired by workers' compensation insurance company); Torres v. Colvin, 2014 WL 5810365, at *4 (C.D. Cal. Nov. 7, 2014) (rejecting similar ALJ reasoning as "clearly contrary to binding Ninth Circuit case law").

Third, by failing to address the limitations outlined by Dr. Chanin, the ALJ also necessarily failed translate the opinion into the social security context. See Desrosiers v. Sec'y Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988) (decision was not supported by substantial evidence because the ALJ had not adequately considered definitional differences between the California workers' compensation system and the Social Security Act); Barcenas v. Berryhill, 2017 WL 3836040, at *3 (C.D. Cal. Aug. 31, 2017) (ALJ errs by failing to translate physician's opinion about claimant's limitations in workers' compensation context into Social Security context); Rocha v. Astrue, 2012 WL 6062081, at *2 (C.D. Cal. Dec. 3, 2012) (if there are terms of art

7

utilized in the workers' compensation context, "such as . . . 'prolonged,' or similar terms, it is the job of the ALJ to translate the meaning of such terms into the Social Security context.").

Fourth, to the extent Defendant contends that the ALJ discounted Dr. Chanin's opinion by summarizing the objective evidence, including medical records from First Choice Healthcare Medical Group, that reason is also insufficient. Jt. Stip. at 8-9; see Regennitter v. Comm'r Soc. Sec. Admin., 166 F.3d 1294, 1299 (9th Cir. 1999) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his own conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.") (quoting Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988)).

Finally, the Court disagrees with Defendant that any error was harmless because the VE was presented a hypothetical which reduced the level of work activity to light with only occasional stooping and fingering activity, and the VE testified that a person with those limitations could perform alternative work. Jt. Stip. at 12. The hypothetical did not include all of Dr. Chanin's assessed limitations. AR 71-74, 592. The Court is therefore unable to determine the harmlessness of the error. See Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir. 1991) (holding VE's opinion, based on hypothetical that omitted "significant limitations" on claimant's ability to perform certain activity, "had no evidentiary value"), abrogated on other grounds by Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001); Devery v. Colvin, 2016 WL 3452487, at *5 (C.D. Cal. June 22, 2016) (court could not determine harmlessness of ALJ's failure to discuss the reasons she rejected limitations

because VE did not testify that a hypothetical person with those limitations could work); Dunlap v. Astrue, 2011 WL 1135357, at *6 (E.D. Cal. Mar. 25, 2011) (court could not determine harmlessness of error because it was unable to "determine how the VE would have responded if he had been given a hypothetical containing [examining physician]'s actual opinion.")

Accordingly, Plaintiff is entitled to remand on this issue.

**B.     The remaining issue may be resolved upon further proceedings.**

Plaintiff's remaining claim is directly implicated by the resolution of Issue One. Resolution of Issue Two – in which Plaintiff challenges the ALJ's credibility assessment – is dependent on the outcome of a proper evaluation of Dr. Chanin's opinion and the related medical evidence. As mentioned, even while ignoring Dr. Chanin's opinion, the ALJ acknowledged that treatment notes at Dr. Chanin's medical group showed "significant subjective complaints and clinical abnormalities[.]" AR 39-40. The significant limitations in Dr. Chanin's opinion bolster Plaintiff's subjective complaints, and could tip the partial credibility determination in Plaintiff's favor. AR 41. Also, the ALJ discounted Plaintiff's credibility in part because her "medical-legal treatment under workers['] compensation" was routine and conservative. AR 40-41. Full consideration of Dr. Chanin's opinion and, by extension, treatment, by the ALJ is required to assess this conclusion fully and fairly.

Further, the ALJ discounted Plaintiff's credibility because "[n]one of [Plaintiff]'s treating physicians has given any specific opinion regarding her [RFC] (including the workers['] compensation examiners)." AR 42. However, workers' compensation doctors cannot assess the RFC or make the ultimate disability determination. See Lynch Guzman v. Astrue, 365 F. App'x 869, 870 (9th Cir. 2010) (a claimant's RFC "is an administrative finding reserved to the Commissioner"); Ukolov v. Barnhart, 420 F.3d 1002, 1004 (2005) ("Although a treating physician's opinion is generally afforded the greatest weight in

9

disability cases, it is not binding on an ALJ as to the existence of an impairment or the ultimate determination of disability."). Significant limitations, such as those outlined by Dr. Chanin, must be considered and either accepted and incorporated into the RFC, or rejected for legally sufficient reasons. The fact that workers' compensation doctors did not give opinions on an issue reserved for the Commissioner cannot serve as a reason for discounting Plaintiff's credibility.

At least one other reason cited by the ALJ is legally deficient. Without outlining Plaintiff's daily activities, the ALJ simply stated that it "appears" that Plaintiff is "able to perform all activities of daily living despite some equivocation." AR 42. The only daily activity the ALJ mentioned was Plaintiff's statement that she could not perform minimal housework, and the ALJ found that Plaintiff had failed to establish any medical condition that would restrict her to that degree. Id. The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." Garrison v. Colvin, 759 F.3d 995, 1016 (9th Cir. 2014); Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability."). "[O]nly if [her] level of activity [was] inconsistent with [a claimant's] claimed limitations would these activities have any bearing on [her] credibility." Garrison, 759 F.3d at 1016. Here, the ALJ discussed briefly a single daily activity, and failed to make any finding as to the transferability of that or any other activity to the workplace. AR 42; See Martinez v. Berryhill, 721 F. App'x

597, 600 (9th Cir. 2017) (ALJ improperly "discounted [claimant]'s testimony based on her daily activities . . . [without] support[ing] the conclusions as to the frequency of those activities or their transferability to the workplace."); Orn, 495 F.3d at 630 (ALJ must make "specific findings related to [the daily] activities and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination").

While the ALJ outlined a number of other reasons in assessing Plaintiff's credibility, this Court need not determine whether they are legally sufficient, therefore making the errors outlined above harmless. Because such a significant part of the credibility determination was contingent upon a proper analysis of Dr. Chanin's opinion and that opinion's relationship to the RFC and the record as a whole, the Court declines to further evaluate the ALJ's credibility determination. See Struck v. Astrue, 247 F. App'x 84, 86-87 (9th Cir. 2007) (credibility findings are reviewed in light of the record as whole); Hayes v. Astrue, 270 F. App'x 502, 505 (9th Cir. 2008) (RFC findings are reviewed in light of the record as a whole). As such, their merits may be addressed appropriately by the ALJ as they arise upon further proceedings.

## C. Remand is appropriate.

The decision whether to remand for further proceedings is within this Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); Harman, 211 F.3d at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings").

Because it is unclear, in light of the interrelated issues, whether Plaintiff is in fact disabled, remand here is on an "open record." See Brown-Hunter,

806 F.3d at 495. The parties may freely take up all issues raised in the Joint Stipulation, and any other issues relevant to resolving Plaintiff's claim of disability, before the ALJ.

Accordingly, on remand, the ALJ shall fully and properly consider Dr. Chanin's opinion as well as the remaining disputed issue.

## V.
## ORDER

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Order.

Dated: August 03, 2018

_____
JOHN D. EARLY
United States Magistrate Judge